IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT SCOTT VIGH, | : |
| | : Case No. 2:15-cv-2767 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| CITY OF COLUMBUS, *et al.*, | : |
| | : |
| Defendants. | : |

## OPINION & ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendant Fortney Hospitality Group d/b/a Gaswerks ("Gaswerks"). For the reasons that follow, the Court **GRANTS** the motion.

## I. BACKGROUND

### A. Factual Background

It was Saturday night, and Plaintiff Robert Scott Vigh was visiting Columbus to attend his friend's wedding to be held the next day. (Compl., Doc. 1, ¶ 13.) Plaintiff and some college buddies were celebrating at Gaswerks, an Arena District sports bar. (*Id.*, ¶¶ 13-14); *see* Yelp, "Gaswerks," *available at* http://www.yelp.com/biz/gaswerks-columbus (last visited June 20, 2016). While at Gaswerks, Plaintiff drank alcoholic beverages non-stop for about three hours. (Doc. 1, ¶ 14.) He became noticeably impaired—he spoke loudly, lacked balance, and had bloodshot and "glassy" eyes. (*Id.*, ¶ 15.) Plaintiff's celebration ended, as none should, with a double shot of Rumple Minze peppermint schnapps. (*Id.*, ¶ 16.) Approximately three minutes later, and about one minute after closing time, Gaswerks bartender Tim Greenwood told Plaintiff to leave. (*Id.*, ¶ 18.) Plaintiff then asked to use the facilities. (*Id.*, ¶¶ 18-19.) Greenwood and

Gaswerks Manager Tyler Miesse denied the request. (*Id.*, ¶ 20.) Two minutes later, Columbus Police Department Officer Samuel Chappell approached Plaintiff and told him he would be arrested for criminal trespass if he refused to leave, after which Plaintiff stumbled toward the exit. (*Id.*, ¶¶ 22, 24, 25.)

As Plaintiff was leaving, Officer Chappell apparently thought he heard a derogatory remark deriding the stature of his penis, after which the officer retaliated, thrusting his fists into Plaintiff's back, pulling him around by his shirt, and choking him. (*Id.*, ¶¶ 26-27.) Columbus Police Officer Bryan J. Brumfield joined the action, restraining Plaintiff in an arm-bar hold and forcing him, now terrified and anguished, prone. (*Id.*, ¶ 28.) The officers placed Plaintiff in a police cruiser where they kept him for more than two hours. (*Id.*, ¶ 30.) Plaintiff spent the night in jail, missing his friend's wedding and instead awaiting arraignment for disorderly conduct and criminal trespass. (*Id.*, ¶ 32.) The government eventually dropped the disorderly conduct charge, and a jury acquitted Plaintiff of criminal trespass. (*Id.*, ¶ 32.) Plaintiff alleges that the officers' conduct caused damage to his neck, back, bladder, urethra, and other body parts, resulting in severe physical pain, mental distress, anxiety, anhedonia, and physical impairment rendering ordinary activities impossible to accomplish. (*Id.*, ¶ 33.)

## B. Procedural History

Plaintiff initiated this action by filing a complaint on August 28, 2015 against the City of Columbus, Columbus Police Officers Chappell and Brumfield, Columbus Chief of Police Kim Jacobs, and Gaswerks. (Doc. 1.) Plaintiff alleges Defendants violated various statutes and deprived him of several constitutional guarantees. Plaintiff alleges that Officers Chappell and Brumfield used excessive force against him, assaulted and battered him, falsely arrested and imprisoned him, intentionally inflicted emotional distress on him, and denied him substantive

due process. (*Id.*, ¶¶ 36-46.) Plaintiff further alleges that he was wrongfully prosecuted, and that the City of Columbus failed to train, instruct, and/or supervise Officers Chappell and Brumfield. (*Id.*, ¶¶ 47-50.) Finally, Plaintiff alleges that Gaswerks served him alcoholic drinks while he was visibly intoxicated, a violation of Ohio Revised Code § 4399.18. (*Id.*, ¶¶ 51-52.) On December 10, 2015, Gaswerks filed the instant motion, which is fully briefed and ripe for review.

## II. STANDARD

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and it must contain "enough facts to state a claim to relief that is plausible on its face," *id.* at 570.

### III. ANALYSIS

#### A. § 1983 and State Law Tort Claims

42 U.S.C. § 1983 provides that "[e]very person who, under color of . . . any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws[] shall be liable to the party injured in an action at law." Section 1983 does not apply to private actors, *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992), but the law can nonetheless impute state action to a private actor under one of several theories. *See id*. None of those theories, however, is applicable here because the relevant portions of Plaintiff's complaint are merely legal conclusions couched as factual allegations, which cannot survive Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint includes three allegations related to Gaswerks' § 1983 liability: (1) that "[a]t all times pertinent[,] . . . Chappell and Brumfield performed within the course and scope of their employment as officers of the Columbus Police employed by Gaswerks"; (2) that Gaswerks "ratified and joined in [the Officers'] conduct by fail[ing] to properly train, discipline, and supervise [the officers]"; and (3) that "at all times pertinent[,] . . . Defendants acted under color of state and federal law." (Doc. 1, ¶¶ 4, 5, 7.) At no point does Plaintiff establish how the officers could cognizably be considered employees of Gaswerks. Further, at no point does Plaintiff allege in what way training was lacking. Plaintiff's allegations amount to conclusory statements, which the Court is not bound to, and does not, accept in deciding this motion. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555).

In his Response, Plaintiff argues a novel claim, namely that Gaswerks deprived him of the right to use the restroom. (Doc. 10 at 6.) This claim is not apparent in his complaint, but the Court will nonetheless address and dispose of it. The Court recognizes that using the restroom is

a fundamental right. *See Glaspy v. Malicoat*, 134 F. Supp. 2d 890, 894-95 (W.D. Mich. 2001). The Court notes, however, that the case Plaintiff cites for his position involves an arrestee who had no other option, *Flores v. State*, Nos. 05-93-00437-CR, 05-93-00441-CR, 1994 WL 236410, at *6 (Tex. Crim. App. May 31, 1994), while Plaintiff was free to use the restroom at Gaswerks for *three hours* before it closed, and Plaintiff was free to use the facilities at some other establishment or residence thereafter. (Doc. 1, ¶¶ 14, 19.) The Court cannot imagine how being denied access to the premises and facilities of a bar past closing time could give rise to a meritorious constitutional claim, and Plaintiff has not pleaded sufficient facts to suggest that such an audacious claim is possibly, much less plausibly, meritorious.

Plaintiff's claims arising under Ohio tort law fail for the same reasons as his § 1983 claims—in no way does he plead that Gaswerks was in any legally meaningful way connected to the behavior of the police officers.

### B. Dram Shop Claim

Plaintiff argues that Gaswerks is liable under Ohio's dram shop law, Ohio Revised Code § 4399.18, which provides:

> A person has a cause of action against a [liquor] permit holder or an employee of the permit holder for personal injury, death ,or property damage caused by the negligent actions of an intoxicated person occurring off the premises . . . only when both of the following can be shown by a preponderance of the evidence:
>
> (A) The permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to . . .
>
> (1) A noticeably intoxicated person[,] . . . [and]
>
> (2) The person's intoxication proximately caused the personal injury, death, or property damage.

Plaintiff argues that Gaswerks is liable for his own injuries because a bartender employed by Gaswerks served him alcoholic beverages even though he was visibly intoxicated. Plaintiff's

5

claim is wholly without merit. A voluntarily intoxicated patron has no cause of action against a liquor permit holder under Ohio Revised Code § 4399.18 for damage that the patron's own voluntary intoxication proximately caused. Ohio's Supreme Court has held that "an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions," reasoning that "permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all [Ohio] citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication," and concluding that "such a message should never be countenanced by this court." *Smith v. The 10th Inning, Inc.*, 49 Ohio St.3d 289, 291-92 (1990). Plaintiff may not impute liability to Gaswerks for injury that his own voluntary intoxication caused. As such, Plaintiff has not pleaded facts sufficient to establish a cause of action under Ohio Revised Code § 4399.18.

## IV. CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss. The case against Gaswerks is **DISMISSED with prejudice** under Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: July 5, 2016**